# Exhibit A



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>MATTHEW E P THORNHILL | Case Number: 2111-AC01358 |
|---|---|
| Plaintiff/Petitioner:<br>SCOTT PRESSEAU<br><br>vs.<br><br>Defendant/Respondent:<br>PNC BANK NATIONAL ASSOCIATION | Plaintiff's/Petitioner's Attorney/Address or Pro Se's Address/Telephone Number:<br>DOMINIC M PONTELLO<br>PONTELLO LAW LLC<br>406 BOONES LICK RD<br>SAINT CHARLES, MO  63301<br>(636) 869-4170 |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>26-APR-2021 09:00 AM<br>DIVISION 12 COURTROOM<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |

*(Date File Stamp)*

## Summons for Personal Service Outside the State of Missouri
### (Associate Division Cases)

**The State of Missouri to:** PNC BANK NATIONAL ASSOCIATION
Alias:
C/O PNC BANK, DELAWARE
22 DELAWARE AVENUE
WILMINGTON, DE  19801

RECEIVED APR 01 2021 LEGAL DEPARTMENT WILMINGTON DE

**COURT SEAL OF ST. CHARLES COUNTY**

You are summoned to appear before this court on the date, time and location above, to answer the allegation in the petition filed by the above-named plaintiff/petitioner, a copy of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

___3/17/2021___  ___/S/ Cheryl Crowder___
Date                                             Clerk

Further Information:

### Officer's or Server's Affidavit of Service

**Note to serving officer:** Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court.

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state)
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to:
   _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address) in _____ County,
_____ (state) on this _____ (date) at _____ (time).

_____   _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

| Summons Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ (_____ miles @ $ ._____ per mile) |
| Total | $ _____ |

See the following page for directions to officer making return on service of summons.

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY
STATE OF MISSOURI
ASSOCIATE CIVIL DIVISION

| | |
|---|---|
| SCOTT PRESSEAU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO.: |
| ) | |
| v. ) | DIV NO.: |
| ) | |
| PNC BANK, N.A., ) | |
| ) | |
| Serve at: ) | |
| Corporation Service Company ) | |
| 251 Little Falls Drive ) | |
| WILMINGTON, DE 19808 ) | |
| ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW, Plaintiff, Scott Presseau, and for his Petition states as follows:

### INTRODUCTION

1. This is an action for statutory and actual damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. Seq.*

2. This is an action for actual and punitive damages brought by an individual consumer for invasion of privacy.

3. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

4. This Court has jurisdiction of the TCPA claim under 47 U.S.C. § 227 (3)(b). Venue is appropriate in this Court because Defendant placed prohibited telephone calls to Plaintiff at Plaintiff's phone located in St. Charles County, Missouri.

5. This Court has jurisdiction of the state law claim of invasion of privacy pursuant to 28 U.S.C. § 1367 because the conduct giving rise to the claim occurred in St. Charles County, Missouri.

## PARTIES

6. Plaintiff is a natural person currently residing in St. Charles County, Missouri.

7. Defendant PNC Bank, N.A. ("PNC") is an FDIC insured Bank with its principal place of business in Wilmington, DE.

### *Telephone Consumer Protection Act*

8. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

9. At all times relevant to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

10. Defendant at all times relevant to the complaint herein engaged in "telecommunications" as defined by the TCPA 47 U.S.C. § 153(50).

11. Defendant at all times relevant to the complaint herein engaged in "interstate communications" as defined by the TCPA 47 U.S.C. § 153(28).

12. At all times relevant to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

13. At all times relevant to this complaint, Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

*Invasion of Privacy*

14. The Federal Communications Commission recognized the costs and damage to a consumer's right to privacy that robo calls created:

> Noting that Congress found that automated or prerecorded telephone calls were a greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient, the Commission determined that the TCPA and its rules prohibit such calls to wireless numbers. The Commission also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, ¶7 (Jan. 4, 2008).

## FACTS

15. Within the last 4 years immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone using an automatic telephone dialing system on numerous occasions and left pre-recorded messages on the Plaintiff's answering service in violation of the TCPA.

16. Sometime before February 19, 2019, Defendant began attempts to collect a debt from Plaintiff. In their attempt to collect this debt, Defendant made numerous unsolicited and unauthorized phone calls to Plaintiff's cellular phone number, (636) 448-3265.

17. Plaintiff never gave his express written consent to be called on his cellular telephone by automatic dialed telephone calls or prerecorded messages.

18. Plaintiff never signed any writing containing a clear and conspicuous disclosure, as required under 47 C.F.R. § 64.1200(f)(8)(i), informing the Plaintiff that by executing an agreement, Plaintiff consents to receive phone calls delivered using an automatic telephone dialing system or an artificial or prerecorded voice.

19.     During a phone call on or about February 19, 2019, Plaintiff explicitly revoked any permission or consent Defendant may have ever had to call his cellular telephone number (636) 448-3265 and instructed Defendant to never call his cellular telephone ever again.

### *Violations of the TCPA*

20.     Defendant never obtained express written consent from Plaintiff to place telephone calls to Plaintiff's cellular phone using an automatic telephone dialing system or to send pre-recorded messages to Plaintiff's cellular phone.

21.     Furthermore, on February 19, 2019, Plaintiff explicitly revoked any permission or consent Defendant PNC may have ever had to call his cellular telephone number (636) 448-3265 and instructed Defendant PNC to never call his cellular telephone ever again.

22.     Beginning sometime before February 19, 2019, Defendant began attempts to collect a debt by making numerous unsolicited and unauthorized phone calls to Plaintiff's cellular phone number, (636) 448-3265, using an automatic telephone dialing system and pre-recorded messages.

23.     Specifically, Plaintiff received at least one thirty-seven such illicit pre-recorded and/or synthesized phone calls or voice messages from PNC's automatic telephone dialing system dating from February 19, 2019 to June 6, 2019.

24.     Defendant's phone calls for Plaintiff were placed from Defendant's automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), from the phone numbers that are registered to the Defendant.

25.     Specifically, Defendant's dialing system has the capacity to store, dial, and generate phone numbers such as Plaintiff's.

26.     These thirty-seven calls and any other yet unknown automated telephone dialing system calls were made to Plaintiff's cellular phone and he was charged for these phone calls, in

violation of 47 U.S.C. § 227(b)(1)(A)(iii).

27. Defendant PNC's collection attempts have caused Plaintiff to incur actual damages including but not limited to anxiety, sleeplessness, and worry.

### *Invasion of Privacy – Intrusion Upon Seclusion*

28. Defendant PNC intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff by repeatedly and unlawfully attempting to collect a debt from Plaintiff by calling Plaintiff's cellular telephone after being told to stop, and thereby invaded Plaintiff's right to privacy.

29. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

30. The conduct of Defendant PNC in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant PNC that occurred in a way that would be highly offensive to a reasonable person in that position.

31. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages and punitive damages from Defendant in an amount to be determined at trial.

### **COUNT I: VIOLATION OF THE TCPA**

32. Plaintiff re-alleges and incorporates by reference all prior paragraphs.

33. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, 47 USC 227 et. seq., including, but not limited to, the following:

    a. Placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff. 47 USC 227(b) (1) (A) (iii).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the TCPA;

B. Actual damages;

C. Statutory damages pursuant to 47 USC (b)(3); and

D. For such other relief as the Court may deem just and proper.

### COUNT II: INVASION OF PRIVACY – INTRUSION UPON SECLUSION

34. Plaintiff re-alleges and incorporates by reference all prior paragraphs.

35. The aforementioned intrusion upon seclusion by Defendant PNC was highly offensive to a reasonable person.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Actual damages;

B. Punitive damages;

C. Court costs;

D. For such other relief as the Court may deem just and proper.

Respectfully submitted by,

Pontello & Bressler, LLC

\_\_/s/ Dominic M. Pontello_____
Dominic M. Pontello, #60947
Attorney for Plaintiff
406 Boones Lick Rd
St. Charles, MO  63301
(636) 896-4170
(636) 246-0141 facsimile
dominic@pontellolaw.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, to the Plaintiff, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that the Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

/s/ Dominic M. Pontello

2111-AC01358



# IN THE ELEVENTH JUDICIAL CIRCUIT, ST CHARLES COUNTY, MISSOURI

| Judge or Division: | Case Number: |
|---|---|
| Plaintiff:<br><br>SCOTT PRESSEAU | Defendant:<br><br>PNC BANK, N.A.<br><br><br>(Date File Stamp) |

## REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now **PLAINTIFF SCOTT PRESSEAU**, pursuant to Local Court Rule 4.2.1 and at his/her/its own risk, requests the appointment of:

BRANDYWINE PROCESS SERVICE, KEVIN DUNN, 2500 DELAWARE AVE
Name of Process Server          Address                                      Telephone

WILMINGTON, DE 19806     (302) 475-2600     brandywineps@comcast.net
Name of Process Server          Address                                      Telephone

a person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:**
PNC BANK, C/O CORP. SERVICE CO. R/A
Name

251 LITTLE FALLS DR
Address

WILMINGTON, DE 19808
City/State/Zip

**SERVE:**

Name

Address

City/State/Zip

**Appointed as requested:**

**Cheryl Crowder,** ALL RISKS TO REQUESTING PARTY
**Circuit Clerk**      SO APPOINTED:
By _____  /S/ Cheryl Crowder  3:47 pm, Mar 17, 2021      Date _____
              Deputy Clerk

CIV030